UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
ERIN ASLAN
U.S. MAGISTRATE JUDGE



101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-3555
MDD_EAchambers@mdd.uscourts.gov

April 16, 2024

**LETTER ORDER**

*United States of America* v. *Isaac M. Neuberger*
Civil Action No. EA-22-2977
Pending Discovery Dispute (ECF Nos. 59-61)

Dear Counsel:

Plaintiff United States of America initiated this action on November 16, 2022, pursuant to the Federal Priority Statute, 31 U.S.C. § 3713, seeking a judgment finding that Defendant Isaac M. Neuberger is personally liable for the outstanding tax liability of Lehcim Holdings, Inc. (Lehcim). Pending before the Court is a discovery dispute regarding entry of a protective order against a deposition of the United States pursuant to Federal Rule of Civil Procedure 30(b)(6). ECF Nos. 59-61. The undersigned has reviewed the parties' filings, the relevant docket entries, the notice of deposition and identified topics for examination, and the relevant discovery requests and responses. Additionally, the undersigned held a videoconference with counsel for the parties on April 9, 2024, to discuss the issues in dispute. No further briefing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Court will grant the requested protective order.

**I.     Background**

Mr. Neuberger issued his first set of interrogatories to the United States on October 16, 2023, to which the United States provided an initial response on November 22, 2023; a first supplemental response on March 13, 2024; and a second supplemental response on March 29, 2024. Mr. Neuberger and the United States have engaged in discussions regarding the sufficiency of the United States' responses to these interrogatories, which resulted in Mr. Neuberger issuing a draft and revised Rule 30(b)(6) deposition notice. The pending discovery dispute and request for a protective order relate to the revised Rule 30(b)(6) deposition notice, which identifies five topics for examination. ECF No. 59-1 at 4. During the April 9, 2024 videoconference, Mr. Neuberger withdrew Topics 3 and 5. The remaining three topics (Topics 1, 2, and 4) identify the following areas for examination:

1. The factual basis for the contention of Plaintiff that Lehcim was insolvent, insofar as its liabilities exceeded its assets, including Plaintiff's identification of assets and liabilities of Lehcim and its methodology and factual basis in valuing these items.

*United States of America* v. *Isaac M. Neuberger*
Civil Action No. EA-22-2977
<u>Pending Discovery Dispute (ECF Nos. 59-61)</u>
Page 2

> 2. The factual basis for the contention of Plaintiff that Lehcim (a) made a voluntary assignment of property, (b) had property attached, or (c) committed an act of bankruptcy.
>
>      * * *
>
> 4. The factual basis for any allegations set forth in the First Amended Complaint filed by Plaintiff in this matter.

ECF No. 59-1 at 4. Mr. Neuberger and the United States agree that the subject of Topic 2 is addressed in Mr. Neuberger's second set of interrogatories (Interrogatory 16 through 18), responses to which are not due until April 19, 2024.

## II.    Discussion

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Discovery under the federal rules is very broad but it is cabined by proportionality. *Victor Stanley, Inc.* v. *Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010), *aff'd in part, modified in part*, Civil Action No. MJG-06-2662, 2010 WL 11747756 (D. Md. Nov. 1, 2010) ("all permissible discovery must be measured against the yardstick of proportionality"). This proportionality analysis considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Notwithstanding the broad scope of discovery, Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party moving for a protective order must set forth a specific reason for the protective order and bears the burden of establishing good cause. *E.g.*, *Minter* v. *Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124-125 (D. Md. 2009). "Although its good cause requirement creates a rather high hurdle for proponents, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Baron Fin. Corp.* v. *Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (internal quotation marks and citation omitted).

Pursuant to Rule 30(b)(6), "a party may name as the deponent . . . a governmental agency" and the "persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). The party noticing a deposition under this rule must, however, "describe with reasonable particularity the matters for examination." *Id.* That is to say, "the requesting party must take care to designate with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Fish* v. *Air & Liquid Sys. Corp.*, Civil Action No. GLR-16-496, 2017 WL 697663, at *20 (D. Md. Feb. 21, 2017) (internal quotation marks and citation omitted). Rule 30(b)(6)

*United States of America* v. *Isaac M. Neuberger*
Civil Action No. EA-22-2977
<u>Pending Discovery Dispute (ECF Nos. 59-61)</u>
Page 3

imposes this particularity requirement because the organization will be bound by it designated deponent's testimony. *E.g.*, *BioConvergence LLC* v. *Emergent BioSolutions, Inc.*, Civil Action No. CCB-21-1959, 2023 WL 3866412, at *2 (D. Md. June 7, 2023). Therefore, "organizations must be protected against deposition topics that undermine Rule 30(b)(6)'s careful balancing." *Id.*

      Topic 4 does not strike the balance required by Rule 30(b)(6). It seeks to inquire about the factual basis for *any* allegations in the First Amended Complaint without specifying areas of inquiry with reasonable particularity. ECF No. 59-1 at 4. This Court has repeatedly disallowed Rule 30(b)(6) topics that broadly encompass the factual basis for allegations in a pleading. *E.g.*, *Richards* v. *Walden Sec.*, Civil Action No. ELH-20-2866, 2021 WL 3634463, at *3 (D. Md. Aug. 17, 2021) (rejecting as overbroad a Rule 30(b)(6) topic that would "ask the designee to testify about [the] entire answer to the Amended Complaint and affirmative defenses as well as the entire document production"); *accord BioConvergence LLC*, 2023 WL 3866412, at *2; *Snodgrass* v. *Esper*, Civil Action No. SAG-18-450, 2021 WL 11645431, at *3 (D. Md. Jan. 12, 2021); *Fish*, 2017 WL 697663, at *20; *Equal Employment Opportunity Comm'n* v. *McCormick & Schmick's Seafood Restaurants, Inc.*, Civil Action No. WMN-08-984, 2010 WL 2572809, at *1 (D. Md. June 22, 2010). Topic 4 not only lacks reasonable particularity, but it would essentially require the United States to "prepare a 1 witness case." *Richards*, 2021 WL 3634463, at *3.

      In addition to overbroad topics for examination, "protection should also be granted from topics that improperly invade attorney opinion work product, such as topics asking for the factual support for a legal characterization or conclusion, the legal significance of facts, or those seeking to probe attorney investigations undertaken for the litigation." *BioConvergence LLC*, 2023 WL 3866412, at *2; *accord Snodgrass*, 2021 WL 11645431, at *4; *McCormick & Schmick's Seafood Restaurants, Inc.*, 2010 WL 2572809, at *5; *Securities & Exch. Comm'n* v. *SBM Inv. Certificates, Inc.*, Civil Action No. DKC-06-866, 2007 WL 609888, at *24 (D. Md. Feb. 23, 2007).

      Topic 2, which seeks the factual basis for legal contentions related to Lehcim's disposition of property, runs afoul of this limitation on Rule 30(b)(6) deposition topics. This Court has repeatedly rejected similar inquiries that call for the application of law to facts because they will inevitably intrude into the sphere of protected attorney work product. *E.g.*, *McCormick & Schmick's Seafood Restaurants, Inc.*, 2010 WL 2572809, at *5 (granting a protective order because the noticed Rule 30(b)(6) topics would effectively result in the deposition of opposing counsel or a proxy prepared by opposing counsel and there were other means of obtaining the discovery); *SBM Inv. Certificates, Inc.*, 2007 WL 609888, at *24 (finding improper a Rule 30(b)(6) topic that sought the results of the SEC's investigation and that would call for the disclosure of opinions, strategies, and legal theories).

      Moreover, the parties agree that this topic for examination is addressed in Mr. Neuberger's second set of interrogatories, which asks for identical information. The Court may properly limit the scope of a Rule 30(b)(6) deposition if, among other things, "the discovery

*United States of America* v. *Isaac M. Neuberger*
Civil Action No. EA-22-2977
Pending Discovery Dispute (ECF Nos. 59-61)
Page 4

sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii). Such is the case here.

Topic 1 seeks to inquire into the factual basis underlying the United States' contention that Lehcim was insolvent. The United States has provided this information in its response to Mr. Neuberger's first set of interrogatories, which identifies tax returns and a Rule 26(a)(2) expert report prepared by an accountant and valuation specialist.[1] The deposition of this expert is set for April 24, 2024. The United States argues, and the undersigned agrees, that Mr. Neuberger will have ample opportunity to explore the topic of solvency during that deposition.

To the extent that Mr. Neuberger would like to probe the United States' legal contentions regarding Lehcim's disposition of property (Topic 2) or solvency (Topic 1) and the supporting facts, this avenue of inquiry is better suited to contention interrogatories, which is this Court's preferred method of eliciting this type of information. *Wilson* v. *Lakner*, 228 F.R.D. 524, 529 n.8 (D. Md. 2005) ("Whereas the *facts* of a relevant incident or incidents are proper for 30(b)(6) inquiry, the *contentions*, *i.e.* theories and legal positions, of an organizational party may be more suitably explored by way of interrogatories and the Court may properly order . . . that contentions only be inquired into in this fashion.") (emphasis in original); *accord BioConvergence LLC*, 2023 WL 3866412, at *3; *Fish,* 2017 WL 697663, at *20; *Mayor & City Council of Balt.* v. *Unisys Corp.*, Civil Action No. JKB-12-614, 2014 WL 12738095, at *3 (D. Md. Apr. 23, 2014).

### III. Conclusion

In light of the foregoing, it is hereby ORDERED that the United States' request for a protective order is granted. Topics 1-2 and 4 of the noticed Rule 30(b)(6) deposition of the United States are disallowed and Topics 3 and 5 have been withdrawn.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Very truly yours,

/s/

Erin Aslan
United States Magistrate Judge

---

[1] Mr. Neuberger's Interrogatory No. 4 asks: "Please identify the factual basis for your assertion in Paragraph 15 of your Complaint, where you state: 'At the time that Defendant transferred the assets of Lehcim to third parties, Lehcim was or became insolvent. Its assets were insufficient to pay its expenses.'"