IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:22-cv-02977-EA |
| | ) |
| ISAAC M. NEUBERGER, | ) |
| | ) |
| Defendant. | ) |

**STIPULATIONS OF FACT**

1

# TABLE OF CONTENTS

Table of Contents .................................................................................................................. 2

   I.    Plaintiff and Related Entities ...................................................................................... 3

       A.    Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. ............................................. 3

       B.    Michel Konig and Related Entities .................................................................. 3

   II.   Operations of Lehcim Holdings, Inc. ......................................................................... 4

       A.    Accounting and Bookkeeping ........................................................................... 4

       B.    Promissory Notes and Loans to Lehcim ........................................................... 5

       C.    Promissory Notes and Loans from Lehcim ...................................................... 6

   III.  IRS Audit of Lehcim .................................................................................................. 6

       A.    The Examination ............................................................................................... 6

       B.    The 30-Day Letter ............................................................................................ 7

       C.    The Statutory Notice of Deficiency .................................................................. 7

       D.    Tax Assessments ............................................................................................... 8

   IV.  The Repayment Plan ................................................................................................... 8

       A.    Transfers to Lehcim .......................................................................................... 9

       B.    Transfers from Lehcim ..................................................................................... 9

       C.    IRS Collection ................................................................................................. 10

The parties stipulate to the following facts:

**I.  Plaintiff and Related Entities**

A. <u>Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.</u>

1. Isaac Neuberger ("Neuberger") is an attorney and principal of Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. ("NQGRG" or "the Firm").

2. NQGRG is a Baltimore law firm.

3. Hillel Tendler ("Tendler") is a principal at NQGRG.

4. Michel Konig ("Konig") is a foreign national and one of NQGRG's clients. JX001.

B. <u>Michel Konig and Related Entities</u>

5. In 2001, on behalf of Michel Konig, attorneys at NQGRG prepared and signed Articles of Incorporation for Lehcim Holdings, Inc. ("Lehcim"), a Maryland corporation. JX001.

6. Lehcim was incorporated originally to be a partner in a partnership that owned commercial real estate in Philadelphia called One Penn Center. JX002.

7. Leshkowitz & Company serves as Lehcim's accounting firm.

8. Only two individuals hold any position within Lehcim: Isaac Neuberger and Hillel Tendler. JX002.

9. Neuberger has been Lehcim's only director since its incorporation. JX001 at 1.

10. As director, Neuberger was authorized to act on behalf of Lehcim without any meeting or approval from the Shareholders. JX033 at 5.

11. In his capacity as director, Neuberger appointed himself the President and Treasurer of Lehcim, positions he retains to this day. JX002.

12. Under Lehcim's bylaws, the President has authority to "sign and execute all authorized bonds, contracts, or other obligations" for Lehcim, and "shall perform such other duties as from time to time are assigned to the President by the Board of Directors." JX033 at 6.

3

13. Under Lehcim's bylaws, the Treasurer has custody of "all the funds and securities" of Lehcim. JX033 at 7.

14. The bylaws of Lehcim provide that the Treasurer "shall disburse the funds of [Lehcim] as ordered by the Board of Directors." JX033 at 7.

15. Neuberger appointed Tendler the Vice President and Secretary of Lehcim. JX002.

16. Tendler participated in the drafting of Lehcim's articles of incorporation and bylaws and served as its initial agent for service of process.

17. Lehcim's sole shareholder is, and has always been, Beauville Holdings, Ltd. ("Beauville"), a British Virgin Islands company. JX002.

18. Beauville's initial capital contribution to Lehcim was $5,000. JX002.

19. Neuberger has been Beauville's only director since March 2002. JX038.

20. Nightingale Ventures, Ltd. is a British Virgin Islands company. JX003.

21. Neuberger was the director of Nightingale Ventures, Ltd. from March 14, 2002, to December 10, 2009.

II. **Operations of Lehcim Holdings, Inc.**

   A. Accounting and Bookkeeping

22. Neither Neuberger nor Tendler receive compensation from Lehcim; NQGRG bills the time they spend performing their corporate officer tasks to Konig at the Firm's normal hourly rate for their legal services.

23. Lehcim has never had its own bank account; the Firm permitted Lehcim to deposit funds to, and withdraw funds from, the Firm's client trust (IOLTA) account.

24. Lehcim's transactions were logged by the Firm on a client-matter trust ledger ("CMTL") during the year.

25. At the end of the tax year, Leshkowitz & Company used the Firm's CMTLs to prepare balance sheets reported on Schedule L of Lehcim's income tax returns.

26. Mr. Neuberger signed Lehcim's Form 1120 annual tax returns for the 2012, 2013, 2014, 2015, 2018, and 2019 tax years.

27. Hillel Tendler signed Lehcim's Form 1120 annual tax returns for the 2010, 2011, 2016, 2017, and 2020 tax years.

B.  Promissory Notes and Loans to Lehcim

28. To fund its investment in One Penn Center, Lehcim borrowed $207,500 from its shareholder Beauville Holdings, Inc. at the federal minimum interest rate ("2002 Beauville Loan"). JX004.

29. The 2002 Beauville Loan was evidenced by a promissory note dated December 18, 2002. JX004.

30. The 2002 Beauville Loan was later converted to a capital contribution in 2011.

31. In December 2002, Lehcim borrowed $850,000 from Nightingale Ventures, Ltd., at an interest rate of 18% per year ("2002 Nightingale Loan"). JX003.

32. The 2002 Nightingale Loan was evidenced by a promissory note dated December 18, 2002. JX003.

33. In 2005, Lehcim divested its interest in One Penn Center.

34. Lehcim did not repay the balance on the 2002 Nightingale Loan by April 1, 2012. JX003.

35. The CMTL reflects that Nightingale made a loan to Lehcim for $18,000 to make a charitable contribution, in 2012 ("2012 Nightingale Loan"). JX007 at 46.

36. Lehcim reported a liability on its tax returns as "Note Payable," in the amount of $1,349,323 that it reported as "Due to Nightingale Ventures" on its Form 1120 Income Tax Returns.

    C. <u>Promissory Notes and Loans from Lehcim</u>

37. Lehcim loaned money to Konig or to entities in which he had a beneficial interest from time to time.

38. Whenever Lehcim loaned money, Tendler would prepare a promissory note which was signed by Neuberger.

39. For each loan by Lehcim, NQGRG's office staff would make the necessary entries on the CMTL.

40. Either Neuberger or Tendler signed all the promissory notes for Lehcim's loans. JX005.

**III.**   **<u>IRS Audit of Lehcim</u>**

    A. <u>The Examination</u>

41. The IRS began examining Lehcim's income tax returns in 2014. JX044 at 3.

42. Over the next five years, the IRS examined Lehcim's income tax returns for the 2010 through 2015 tax years. JX044 at 3.

43. Lehcim was represented by counsel in the examination of its 2010 through 2015 income tax returns. JX007at 1; JX023 at 1.

44. Neuberger and Tendler both responded to written document requests through Lehcim's counsel, and both sat for multiple interviews under oath over the course of the Lehcim audit.

45. On its the balance sheet of its Forms 1120 from 2010 through 2020, Lehcim reported liabilities to Nightingale Ventures, consisting primarily of the 2002 Nightingale Loan along with two other loans.

46. On its Forms 1120 from 2010 through 2020, Lehcim claimed substantial deductions each year for the 18% interest accruing on that unpaid loan.

6

47. By 2018, the IRS had preliminarily concluded that the loan interest deductions on Lehcim's returns were not proper.

48. In June 2018, the IRS sent Lehcim a preliminary report. JX023.

49. Neuberger was aware of those findings by July 2018.

B. <u>The 30-Day Letter</u>

50. On March 14, 2019, the IRS mailed a "30-day letter" describing the proposed changes to Lehcim's returns to Lehcim, care of NQGRG, and to Lehcim's counsel, Paula Junghans, *Esq*. JX007.

51. The "30-day letter" concluded (among other things) that the Nightingale Loan and related Nightingale loans were not bona fide loans, and that the IRS would disallow the interest expenses attributable to the loan. JX007.

52. The IRS also proposed penalties for failure to timely file returns (for the 2010 through 2013 tax years), and a 20% negligent failure to accurately report income and deductions (for all the tax years). JX007 at 5, 7.

53. Lehcim received a copy of the 30-day letter and examination report around the time it was sent, and no later than March 20, 2019, when Tendler forwarded the copy Neuberger Quinn received in an email to outside counsel and copied Neuberger. JX031

54. Neuberger and Tendler saw the 30-day letter when Lehcim received it. JX031; JX030.

55. Lehcim did not appeal or agree to the proposed changes or pay the proposed tax.

56. Leshkowitz & Company was preparing Lehcim's 2018 tax return around the same time in which Lehcim, Neuberger, and Tendler received the "30-day letter."

57. For Lehcim's 2018 tax return, Lehcim stopped reporting accrued interest on the Nightingale Loan.

C. <u>The Statutory Notice of Deficiency</u>

58. On November 20, 2019, the IRS mailed a Statutory Notice of Deficiency, also known as a Letter 531, to Lehcim at NQGRG's offices for $1,435,245 in unpaid taxes and penalties (exclusive of interest). The Statutory Notice of Deficiency proposed adjustments in the same amount as had been proposed in the 30-day letter. JX015; JX031.

59. Lehcim received the Statutory Notice of Deficiency around the same time it was mailed.

60. The letter advised Lehcim of its right to challenge the proposed assessments in Tax Court within 90 days and that failure to petition the Tax Court would result in assessment of the proposed deficiencies. JX015 at 4–6; *see generally*, 26 U.S.C. § 6212 (describing the notice of deficiency).

D. Tax Assessments

61. Lehcim did not petition the Tax Court.

62. At the IRS's request, Neuberger, on behalf of Lehcim, signed IRS Forms 872 (Consent to Extend the Time to Assess Tax) multiple times. JX051 at 8; JX032.

63. At the IRS's request, Tendler, on behalf of Lehcim, signed IRS Forms 872 (Consent to Extend the Time to Assess Tax) multiple times.

64. The IRS assessed the deficiencies on July 13, 2020.

65. As of November 30, 2020, the IRS issued a Final Notice of Intent to Levy to Lehcim in the amount of $2,091,455.16.

IV. **The Repayment Plan**

66. Neuberger, Tendler, and Leshkowitz planned to collect all Lehcim's receivables from various related companies, obtaining another $2.6 million contribution from Lehcim's shareholder Beauville, and using that money to repay the liabilities on Lehcim's books: the 2002 Nightingale Loan and the two other Nightingale loans ("the Plan").

8

67. The Repayment Plan required ten "rounds" and 124 "steps" (individual bookkeeping entries transferring money between various entities on various loans). Leshkowitz provided details on the various balances and provided the rounds and steps necessary to complete the Repayment Plan.

68. Tendler monitored and facilitated the transfers based on the steps prepared by Leshkowitz.

69. Neuberger monitored the progress of the Plan. JX026.

A. <u>Transfers to Lehcim</u>

70. During the Repayment Plan, NQGRG called Lehcim's loans receivable from other Konig-related entities.

71. The receivables were either wired into IOLTA account from external sources and logged to Lehcim's Client-Matter Trust Ledger or (if they involved an entity for which Neuberger Quinn also maintained a CMTL for that client) booked as a debit from that client's ledger and as a corresponding credit to Lehcim's ledger.

72. Neuberger also arranged for Beauville, Lehcim's shareholder, to wire Lehcim $2.6 million in additional cash from overseas. JX006 at 7.

B. <u>Transfers from Lehcim</u>

73. The proceeds received by Lehcim were then used to repay the Nightingale Loans. JX006 at 7; JX026.

74. Lehcim paid the $2.6 million it received from Beauville to Nightingale. JX006 at 7.

75. All told, Lehcim made the following transfers to Nightingale:

| Date | Recipient | Amount |
|---|---|---|
| 6/25/2019 | Nightingale | $1,804,769 |
| 9/3/2019 | Nightingale | $1,774,280 |
| 10/30/2019 | Nightingale | $2,610,484 |
| 12/3/2019 | Nightingale | $123,915 |
| 1/7/2020 | Nightingale | $967,116 |
| 1/21/2020 | Nightingale | $784,052 |
| 3/5/2020 | Nightingale | $752,197 |
|  | **Total** | **$8,816,813** |

JX006 at 7.

76. The June 25, 2019; September 3, 2019; October 30, 2019; and December 3, 2019, payments were wired overseas to a client trust account for Nightingale managed by the Hassans law firm in Gibraltar. JX006 at 7.

C. IRS Collection

77. On December 2, 2020, Lehcim provided a Form 433-B (Collection Information Statement for Businesses) to the IRS, as requested by the IRS. JX027.

78. In 2021, the IRS levied NQGRG for money it held on Lehcim's behalf but received nothing. JX036 at 12–14.

79. In 2022, the IRS levied Lehcim's accounts receivable but received nothing. JX036 at 10–12.

*(Signature blocks on the following page.)*

Dated: June 30, 2025,                                             Respectfully Submitted,

*/s/ Ryan O. McMonagle*                                           */s/ James P. Ulwick*
RYAN O. MCMONAGLE                                                 James P. Ulwick (Fed. Bar No. 00536)
KRISTINA M. PORTNER                                               Kramon & Graham, P.A.
EMILY K. MCCLURE                                                  One South Street, Suite 2600
Trial Attorneys, Tax Division                                     Baltimore, Maryland 21201
U.S. Department of Justice                                        (410) 752-6030
P.O. Box 227                                                      (410) 539-1269 (facsimile)
Washington, D.C.  20044                                           julwick@kg-law.com
202-307-1355 (ROM)
202-514-6866 (f)                                                  Brandon N. Mourges, Bar No. 29477
Ryan.McMonagle@usdoj.gov                                          CREPEAU MOURGES
Kristina.M.Portner@usdoj.gov                                      1344 Ashton Road, Suite 110
Emily.K.McClure@usdoj.gov                                         Hanover, Maryland 21076
                                                                  Telephone: 667-900-9912
*Counsel for the United States*                                   Fax: 667-999-0202
                                                                  Email: brandon@usataxlaw.com
                                                                  *Counsel for Isaac M. Neuberger*

11