IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ISAAC M. NEUBERGER, )<br>)<br>Defendant. )<br>_____ ) | Case No. EA-22-2977 |

**MOTION FOR STAY OF PROCEEDINGS TO ENFORCE JUDGMENT**

Defendant Isaac M. Neuberger, by and through his undersigned attorneys, and pursuant to Rule 62 of the Federal Rules of Civil Procedure, respectfully requests that this Court enter an Order staying execution on the judgment entered by this Court on January 23, 2026, and for cause states:

1. On January 23, 2026 this Court entered judgment against Defendant in the amount of $1,880,987.96.

2. Pursuant to Rule 62(a), execution on the judgment and proceedings to enforce it are stayed for thirty days, unless the court orders otherwise.

3. Rule 62(b) provides that "a party may obtain a stay by providing a bond or other security."

4. In the instant case, Defendant wishes to pursue his appellate right and requests that the Court approve security in the form of an irrevocable Letter of Credit ("LOC") in the amount of $1,981,086.27.

5. Courts in this circuit and in this district have approved LOCs as an acceptable form of security under Rule 62. *Allegis Group, Inc. v. Jordan,* 2019 WL 2106384 (D. Md. May 14, 2019); *Ishman v. Penn Lyon Homes, Inc.*, 2007 WL 2332490 (N.D. W. Va. Aug. 10, 2007).

6. In *IA Labs, CA, LLC v. Nintendo Company, Ltd.,* 946 F. Supp. 2d 429 (D. Md. 2013), Judge Messitte noted in *dicta* that an LOC may be an appropriate example of alternative security.

7. Defendant respectfully requests that the Court approve an LOC as an appropriate "other security" under Rule 62, in the form attached as Exhibit A[1] to this Motion.

8. Local Rule 110 provides that "[u]nless otherwise ordered by the Court," the amount of a bond filed to stay execution of a money judgment shall be 120% of the amount of the judgment, plus $500. Thus, the rule gives the Court authority to set the bond at less than the 120% contemplated by the local rule.

9. Post-judgment interest on the judgment is governed by 28 U.S.C. § 1961(a). Per the statute, the applicable post-judgment interest rate in this case is 3.53%, resulting in a per diem of $181.91.

10. Recent data from the Administrative Office of the United States Courts shows that the median interval from the filing of a civil appeal in the Fourth Circuit until a final order is 12.4 months. Defendant respectfully suggests that 18 months is a sufficient amount of time to budget for this appeal. Using the per diem rate above, and adding $500 for costs per the local rule, results in $1,981,086.27.

---

[1] Defendant is currently negotiating with different banks to obtain the LOC and will present the fully executed LOC as soon as possible. Defendant understands that the Court will not grant the Order he requests until the fully executed LOC is presented, but because he needs Court approval of the form of the security, (in this case an LOC), and the amount of the security, because the automatic stay expires in 17 days, and because Defendant has requested, but not received consent from the United States, Defendant is presenting this Motion now.

11. The government may argue that this Court should strictly apply Local Rule 110, which would require a bond or LOC in the amount of $2,257,685.55. This is excessive. It amounts to approximately five years and eight months of interest at the statutory rate.

12. All forms of appellate security, including LOCs, require the payment of a fee which is a percentage of the amount of the security. By adding $276,599.28 in unnecessary security, (the difference between $2,257,685.55 and $1,981,086.27), the cost of the LOC will increase by thousands of dollars. The additional security is not necessary or reasonable, and only serves to increase Defendant's costs.

13. Defendant respectfully requests that the Court exercise its discretion under Rule 62 and Local Rule 110 and grant a stay based on the presentation of an LOC in the amount of $1,981,086.77.

WHEREFORE Defendant Isaac M. Neuberger respectfully requests that the Court grant a stay of proceedings to enforce judgment upon the filing of a LOC in the amount of $1,981,086.77.

Respectfully submitted,

Dated: February 6, 2026

/s/ James P. Ulwick
James P. Ulwick (Fed. Bar No. 00536)
Kramon & Graham, P.A.
750 East Pratt Street, Suite 1100
Baltimore, Maryland 21202
(410) 752-6030
julwick@kg-law.com

Brandon N. Mourges, Bar No. 29477
CREPEAU MOURGES
1344 Ashton Road, Suite 110
Hanover, Maryland 21076
(667) 900-9912
brandon@usataxlaw.com

*Counsel for Isaac M. Neuberger*

4909-2106-5357, v. 1

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of February, 2026, a copy of the foregoing was filed electronically via CM/ECF, causing same to be served on all counsel of record.

*/s/James P. Ulwick*
James P. Ulwick

4909-2106-5357, v. 1