IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )  | |
| Plaintiff,            ) | |
| )  | |
| v.                 ) | Case No. 1:22-cv-02977-EA |
| )  | |
| ISAAC M. NEUBERGER,        ) | |
| )  | |
| Defendant.          ) | |
| _____) | |

**UNITED STATES' RESPONSE TO
MOTION TO STAY PROCEEDINGS TO ENFORCE JUDGMENT**

A stay of execution of judgment requires security, not unsworn suggestions that a judgment debtor will try to obtain it in the future. Judgment debtors are given a 30-day stay of execution to arrange a bond or alternative means of finance and seek a stay based on that bond. Otherwise, a judgment creditor may proceed with post-judgment execution. Fed. R. Civ. P. 62(a), (b). Now that the Court has entered judgment against Mr. Neuberger, he moves under Fed. R. Civ. P. 62 for a stay of execution of judgment and permission to secure the stay by means of alternate security (a letter of credit) in an amount of $1,981,086.27, approximately $277,000 less than the rules require.

While the Government does not (in principle) object to Mr. Neuberger posting an alternate type of security, such as a letter of credit, he has not made any showing to support the relief he seeks now. His motion is supported by nothing—no sworn averments of what he has done or will do to secure a letter of credit, no proposed terms for such a letter agreeable to a particular bank, no name of a bank he has contacted, and no detail about his finances showing that he cannot (or should not be required to) provide the amount of security otherwise contemplated by the Local Rule 110.1. At most, the present motion is little more than a placeholder on the docket; an unsworn suggestion

that he will try to provide at some unidentifiable point in the future what he is required to provide to stay execution now.

What scant details he does propose are unacceptable. The terms of the exemplar letter of credit he offers as an exhibit would allow the bank to unilaterally end its own obligation before the appeal process is complete, leaving the Government no recourse. And he requests to be relieved from the amount required to post a bond that this Court has ordered via its local rules, without making the required showing that it would be impossible or impracticable for him to comply. The Court should deny the motion to stay execution of the judgment because Mr. Neuberger has offered no grounds for any other outcome at this point.

## Argument

I. **Mr. Neuberger has not met his burden to propose a plan for providing an alternative form of security that will provide the Government with the same security as a bond would.**

It is within the district court's "inherent power to determine the amount of a supersedeas bond or to permit other forms of security for monetary judgments on appeal." *White Marlin Open, Inc. v. Heasley*, No. RDG-16-3105, 2017 WL 3434290, at *2 (D. Md. Aug. 10, 2017). And Rule 62 now expressly permits "other security." Fed. R. Civ. P. 62(b). When seeking to approval of alternate security like a letter of credit, the "judgment debtor should provide the specific terms of the proposed letter of credit[.]" *State Auto Prop. & Cas. Ins. Co. v. Sigismondi Foreign Car Specialists, Inc.*, 586 F. Supp. 3d 328, 331 (E.D. Pa. 2022).

But Mr. Neuberger has proposed no plan beyond an unsworn statement that he will try to obtain a letter of credit. That is not a plan for adequate security; it is a plan to make a plan in the future. And that is not enough to secure a stay. *Id.* (denying motion to stay where judgment debtor "neither provided a copy of the proposed letter, nor . . . outlined the specific terms of the proposed letter.").

Even if we consider the exemplar letter of credit, the termination and demand clauses leave the United States without "adequate security." In fact, the termination and demand procedures in the exemplar letter that Mr. Neuberger has filed would, on their face, permit the bank to end its payment obligations before all of Mr. Neuberger's appeal has become final for all purposes, and before the Government could demand payment.

To demand payment under the Letter, the Government must attach a copy of the mandate, a certified copy of the final judgment from this Court, or a certificate that all appeals have been resolved adversely to him and the disposition is final and non-appealable. ECF No. 158-1 at 1–2 ("Conditions of Draw") and 2 ("Automatic Extension (Evergreen)"). After the expiration of the initial term of the letter, the bank can (with 60-days' notice) unilaterally terminate its obligations. *Id.* at 2. While the Government could make its claim during that 60-day period, it would still be required to submit the mandate, certified judgment or certification to be paid. *Id.* at 2–3.[1] So if the bank terminates the agreement before the appeal is final, the Government can no longer draw on the letter.

Courts have rejected letters with the same evergreen and demand provisions as "insufficient" for purposes of security on an appeal. *Richardson v. Prisoner Transp. Servs. of Am.*, No. 3:15-cv-01061, 2019 WL 1003624, at *3 (M.D. Pa. Feb. 27, 2019); *Hodak v. Madison Cap. Mgmt, LLC*, 5:07-5-JMH, 2009 WL 854177, at *1 (E.D. Ky Mar. 27, 2009). As the court in *Hodak* explained,

> If the irrevocable letter of credit is not renewed by Hodak or the issuer of the letter of credit for any reason prior to the resolution of the appeal, UAR GP Services will be left without recourse for the

---

[1] "In the event we issue a notice of non-extension, the Beneficiary may draw for the then-available Amount on or before the Expiry Date by presenting the Demand Statement marked 'Non-Extension Drawing.'" ECF No. 158-1 at 3. The "Demand Statement" must include (along with a copy of the mandate or judgment) a statement that the judgment "has been affirmed by the United States Court of Appeals for the Fourth Circuit, and such disposition is final and non-appealable." *Id.* at 5.

3

> unpaid judgment debt, even if notice of that non-renewal is given under the terms of the order. This is so even though the stay would expire unless another adequate surety was given before the expiration of the irrevocable letter of credit and UAR GP Services would then be free to pursue enforcement of the Court's Judgment against Hodak.
>
> Should Hodak use the time provided by the stay to render himself judgment-proof, then UAR GP Services would be prevented from attaching assets to protect its interest. Indeed, Hodak and his wife have, in their March 10, 2009, depositions, conceded that they recently transferred assets held jointly to be held solely in her name "[b]ecause if you would garnish or freeze those accounts, we wouldn't have access to them...."[2] With a stay in place, Hodak and his wife could continue to take similar actions, leaving UAR GP Services without recourse.

*Hodak*, 2009 WL 854177, at *1. Those same concerns are all present here. If these are the terms Mr. Neuberger seeks; they are not adequate.

**II.    Mr. Neuberger has not shown good cause for lowering the amount of security required by the local rules to stay execution of judgment.**

Local Rule 110.1 provides that in general the amount of the bond or security to "stay execution of a money judgment pending appeal shall be 120% of the amount of the judgment plus an additional $500 to cover costs on appeal." Local Rule 110.1.[2] That amount is $2,257,685.55. *See* ECF No. 157 (judgment of $1,880,987.96).

District courts have discretion to grant unsecured or undersecured stays "upon consideration of a multitude of factors, including: '(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the

---

[2] The Local Rule discusses solely supersedeas bonds, but Rule 62(b) was amended to allow for posting a "bond or other security." Fed. R. Civ. P. 62(b).

requirement to post a bond would place other creditors of the defendant in an insecure position." *Gunter v. Alutiz Advanced Sec. Solutions, LLC*, 2023 WL 8172714, at *2 (D. Md. May 24, 2023). Importantly, "the burden is on the movant to establish that a waiver of the bond requirement is appropriate." *Id*.

Mr. Neuberger's motion addresses none of these factors at all, let alone with factual support. He does not say he lacks the resources to post a bond in the required amount; nor does he say (let alone show) a bond would be a waste of money because he has ample resources to satisfy the judgment. An judgment debtor who seeks to modify the security amount on financial grounds typically does so by affidavit or other submissions. *Alexander v. Chesapeake, Potomac, and Tidewater Books, Inc.*, 190 F.R.D. 190, 193 n.12 (E.D. Va. 1999) (two affidavits of financial condition); *Suntrust Mortgage, Inc. v. United Guaranty Residential Ins. Co. v. North Carolina*, 3:09cv529-REP, 2011 WL 4899926, at *1 (Oct. 14, 2011) (audited financial statements). Mr. Neuberger offers nothing, not even a cursory summary. Instead, he simply calculates to what the judgment would be with post-judgment interest in 18 months and says 120% of the judgment would be more than that. But that is true of every judgment debtor and is no way specific to him.

Mr. Neuberger's opacity about his finances and what he is actually doing to obtain security creates real risk for the Government as a judgment creditor. There is precedent for Mr. Neuberger dissipating assets: the very judgment at issue was imposed because he wired millions of client funds overseas after receiving a claim from the Government. He has not assured the Court (or the Government) that he has not dissipated his assets during the pendency of the 30-day automatic stay, nor has he offered any assurances he will not dissipate his assets in the future. Any additional day that execution is stayed without security increases the opportunity (if not the likelihood) that his assets will be moved beyond the Government's reach.

**Conclusion**

For all these reasons, Mr. Neuberger's motion for stay of proceedings to enforce judgment should be denied.

Dated: February 13, 2026

> Respectfully submitted,
>
> BRETT A. SHUMATE
> Assistant Attorney General
>
> JOSHUA WU
> Deputy Assistant Attorney General,
> Tax Litigation Branch
>
> <u>/s/ Ryan O. McMonagle</u>
> RYAN O. MCMONAGLE
> KRISTINA M. PORTNER
> EMILY K. MCCLURE
> Trial Attorneys
> Tax Litigation Branch
> Civil Division, Department of Justice
> P.O. Box 227
> Washington, D.C. 20044
> Tel.: 202-307-1355
> Fax: 202-514-6866
> Ryan.McMonagle@usdoj.gov
> Kristina.M.Portner@usdoj.gov
> Emily.K.McClure@usdoj.gov